**HORN WILLIAMSON & COLLINS LLC**
Ryan M. Lockman, Esquire
PA ID No. 307325
One Commerce Square, 32nd Floor
2005 Market Street
Philadelphia, PA 19103
P: (215) 987-3800
F: (215) 334-7336
RLockman@hornwilliamson.com

*Attorneys for Plaintiffs*

| | |
|---|---|
| **BRAD S. TABAKIN AND DEBRA TABAKIN H/W** : 801 Morris Road, : Blue Bell, PA 19422 : | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |

**BRAD S. TABAKIN AND DEBRA TABAKIN H/W**
801 Morris Road,
Blue Bell, PA 19422

           PLAINTIFF**,**
        v.

**STEVEN BAGLIVO**
9600 Atlantic Avenue, Apt. #713
Margate, NJ 08402

**STATEWIDE COMMERCIAL CLEANING LLC**
1125 Pacific Ave.
Atlantic City, NJ 08401

**STATEWIDE PROPERTIES SVC**
310 Hanthorn Street
Mays Landing, NJ 08330-1834

**FISHER BUILDERS, LLC**
11 S. Jefferson Avenue
Margate, NJ 08402

**CLIMATECH HEAT & AIR LLC**
1105 North New Road
Absecon, NJ 08201

**CLAY'S CLIMATE CONTROL LLC**
501 W. Patcong Ave,
Linwood, NJ 08221
           DEFENDANTS.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CIVIL ACTION

COMPLAINT,

FOR JURY TRIAL,
CERTIFICATION AND
DESIGNATION OF TRIAL COUNSEL.

1

## COMPLAINT

Plaintiffs, Brad S. Tabakin and Debra Tabakin, by and through their attorneys, Horn Williamson & Collins, hereby submit this Complaint and, in support thereof, aver as follows:

## PARTIES AND VENUE

1.      Plaintiffs, Brad S. Tabakin and Debra Tabakin ("Plaintiffs") are adult individuals, who reside at 801 Morris Road, Blue Bell, Pennsylvania 19422.

2.      Plaintiffs own a home located at 108 N. Pembroke Ave, Margate City, NJ ("Property").

3.      Plaintiffs live and work in Pennsylvania, and as such are domiciled in Pennsylvania.

4.      Defendant Steven Baglivo ("Baglivo") is an adult individual with the personal residence of 9600 Atlantic Avenue, Apt. #713, Margate, New Jersey 08402. Upon information and belief, Defendant Baglivo maintains PO Box 3234 in Margate City, New Jersey and utilizes the identified PO Box in relation to his various business practices.

5.      Upon information and belief, Defendant Statewide Properties SVC ("Statewide SVC") is a New Jersey corporation with a registered of business address of 310 Hanthron Street, Mays Landing, NJ 08300.  Defendant Statewide SVC regularly conducts business in the State of New Jersey, including but not limited to business/actions related construction of new build properties.

6.      Defendant Statewide Commercial Cleaning LLC ("Statewide Cleaning") is a corporation existing and operating under the laws of New Jersey. Defendant Statewide Commercial Cleaning LLC has a registered business address of 1125 Pacific Ave. Atlantic City, NJ 08401 and an associated PO Box of PO Box 3234 Margate City, NJ 08402.

7.      Defendant Fisher Builders LLC ("Fisher Builders") is a New Jersey limited liability company with a business address of 11 S. Jefferson Avenue Margate, NJ 08402. Defendant Fisher Builders, LLC regularly conducts business in the State of New Jersey.

8.      Defendant Climatech Heat & Air LLC ("Climatech") is a New Jersey limited liability company with a business address of 1105 N. New Road, Absecon, NJ 08201.  Defendant Climatech regularly conducts business in the State of New Jersey.

9.      Defendant Clay's Climate Control LLC ("Clay's Climate") is a New Jersey limited liability company with a business address of 501 W. Patcong Ave, Linwood, NJ 08221.  Defendant Clay's regularly conducts business in the State of New Jersey.

10.     The actions and/or omissions of each of the Defendants as described herein occurred in Atlantic County, New Jersey, and affected real property located in Atlantic County, New Jersey.

11.     This action satisfies the requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  Complete diversity of citizenship exists between the parties, with Plaintiffs being citizens of the Commonwealth of Pennsylvania which is different from all Defendants who are corporations incorporated in and doing business in the state of New Jersey.  The amount in controversy exceeds $75,000, exclusive of interest and costs.

12.     Venue is proper in the United States District Court for the District of New Jersey pursuant to U.S.C. § 1332(a)(1).

### FACTUAL BACKGROUND

13.     The Property was constructed between 2015-2016. Construction of the property was substantially completed on August 3, 2016.

14.     Defendant Baglivo was the owner of the Property prior to Plaintiffs.

3

15. During the construction of the property, on certain Application for Permits, Defendant Statewide Cleaning was also identified as the owner of the subject Property.

16. Upon information and belief, Defendant Baglivo is the owner/principal of Defendant Statewide SVC.

17. Defendants Baglivo, Statewide SVC, and Statewide Cleaning (collectively, "Developer Defendants") acted together for the purpose of obtaining zoning approvals, installing improvements and infrastructure, marketing, advertising, developing, designing, constructing, obtaining approval of the construction, and warrantying the Property, such that Defendant Baglivo utilized Defendants Statewide SVC and Statewide Cleaning as legal entity personas and were "alter egos" of one another and/or acted as a common business enterprise and/or single entity, and that in order to avoid injustice, it is necessary to pierce the respective corporate veil of such companies and/or hold Defendants Baglivo, Statewide SVC, and Statewide Cleaning jointly and severally liable for their individual and collective actions in connection with the Property.

18. Plaintiffs believe and therefore aver that the corporate and business structure of the Developer Defendants are intertwined in such a way that they share common ownership and/or common owners, principals and/or officers and directors, have a relationship as parent subsidiary and/or affiliates, such that all of these legal entities ultimately were "alter egos" of one another, and/or acted as a common business enterprise and/or single entity in all aspects of their business, and that piercing the corporate veil is appropriate to hold them jointly and severally liable to the Plaintiffs for their individual and collective activities in connection with the development of the Plaintiffs' Property

4

19.     On or about August 3, 2016, Margate City issued a Certificate of Occupancy in which the owner was identified as Defendant Baglivo and the contractor was identified as Defendant Fisher Builders.

20.     On or about March 11, 2017, Plaintiffs and Defendant Baglivo entered into an Agreement of Sale for the Property. A true and correct copy of the Agreement of Sale is attached hereto as Exhibit "A."

21.     The Agreement of Sale incorporated a New Construction Addenda. Pursuant to the New Construction Addenda, all construction was to be performed in a good and workmanlike manner and comply with all applicable Federal, State and local laws and regulations. *See* Exhibit A at p. 21.

22.     On or about April 8, 2017, Plaintiffs purchased the Property.

23.      In August 2020, Plaintiffs observed a large leak on the second and third floor of the Property originating from the HVAC system. Plaintiffs contacted Developer Defendants who in turn had Defendant Climatech report to the property and perform various temporary repairs to the HVAC system.

24.     Developer Defendants represented to Plaintiffs that the entire HVAC system would need to be dismantled in order for the system to be properly repaired but that the repairs should occur in the Fall when no one would regularly be at the Property.

25.     Thereafter, in October 2020 Defendant Climatech again reported to the Property at the direction of Developer Defendants and performed various repairs to the HVAC system.

26.     Following the repairs made in October 2020, the Developer Defendants and Defendant Climatech represented to the Plaintiffs that the HVAC system had been properly serviced and repaired.

27.    At the behest of the Developer Defendants, Plaintiffs continued to utilize Defendant Climatech for the annual service of the HVAC system.

28.    On June 25, 2025, Plaintiff Debra Tabakin reported to the Property and observed that the second and third floor were hot and placed a service call to Defendant Climatech. Defendant Climatech reported to the property and charged the HVAC system with three pounds of refrigerant. Later that evening, Plaintiffs experienced a failure of the HVAC system which resulted in a severe leak causing damage to the second and third floor of the Property. Plaintiffs notified Defendant Climatech of the HVAC system failure and requested Defendant report to the property and perform the necessary repairs. Defendant refused.

29.    Plaintiffs retained non-party Ambient Comfort LLC to service the HVAC System. It was determined that the heating and air conditioning system that serviced the 2nd and 3rd floor levels was in catastrophic failure and had caused major, ongoing water leakage, from the 3rd floor utility closet to the 2nd floor master bedroom closet causing total disintegration of the internally insulated ductwork soffit, including drywall and wood stud structure.

30.    After investigation and inspection, the catastrophic failure was determined to be caused by the latent defects relating to Defendants Statewide SVC, Statewide Cleaning, Baglivo, Fisher Builders and Climatech's negligent design, installation, and maintenance of the HVAC system.

31.    Specifically, the unit tonnage ratio to the ductwork dimensions was improper and created a continuous freeze-thaw cycle of the air conditioning coil causing an overabundance of moisture, condensation, and water leakage.

32.    The water intrusion has caused consequential damage to the interior of the Property, including but not limited to, damaged drywall, ceiling and floors and necessitating a replacement of the HVAC system.

33.    Defendants Statewide SVC, Statewide Cleaning, Baglivo, Fisher Builders and Climatech negligently and carelessly designed, selected, installed, and maintained the HVAC system which resulted in damage to the Property.

34.    Defendant Climatech has indicated that this issue with the HVAC system was caused and/or exacerbated by Defendant Clay Climate in 2020. Specifically, Defendant Climatech claims that Defendant Clay's Climate installed a coil on the bottom of the furnace that was an improper size.  Whether or not this occurred and the extent to which this caused and/or exacerbated the issue will be further elucidated in discovery.

<u>**COUNT ONE**</u>
**NEGLIGENCE AGAINST ALL DEFENDANTS**

35.    Plaintiffs incorporate by reference all prior allegations as if set forth at length herein.

36.    The Defendants owed a duty to Plaintiffs to exercise reasonable care in developing, designing, constructing, supervising the construction of the Property, and servicing the property, including the HVAC System, in accordance with manufacturer's installation specifications, industry standards, and all applicable state and local building codes, regulations, statutes, and ordinances.

37.    The Defendants negligently designed, installed, serviced, and maintained the HVAC system, in a manner that deviates from acceptable standards of care and all applicable state and local building codes, regulations, and ordinances.

38.     The Defendants breached their duty to Plaintiffs by failing to design, construct and service the Plaintiffs' HVAC system in compliance with acceptable standards of care, installation and maintenance guidelines, statutes and applicable building codes, regulations, statutes, and ordinances.

39.     The Defendants also violated construction industry standards, state and local governmental rules and regulations when constructing the Property, including the HVAC system.

40.     As a direct and proximate cause of the Defendants' defective, negligent, and careless acts or omissions in constructing and servicing the Plaintiffs' Property and HVAC system, Plaintiffs have experienced attendant property damage and damage to non-defectively constructed components of the homes.

41.     The negligence and carelessness of the Defendants in designing, developing, constructing and maintaining the HVAC system has caused the Plaintiffs to sustain damages in an amount in excess of $75,000.

**WHEREFORE**, the Plaintiffs hereby demand judgment in their favor and against the Defendants jointly and severally, for all compensatory, consequential and incidental damages, in an amount in excess of $75,000; diminution in value of the Home; and for such relief as the Court may deem proper and necessary.

<u>COUNT TWO</u>
**BREACH OF CONTRACT**
**AGAINST**
**DEVELOPER DEFENDANTS STEVEN BAGLIVO, STATEWIDE COMMERCIAL CLEANING LLC AND STATEWIDE PROPERTIES SVC**

42.     Plaintiffs incorporate by reference all prior allegations as if set forth at length herein.

8

43.     The Plaintiffs purchased their Property pursuant to Agreements of Sale whereby the Developer Defendants Baglivo, Statewide SVC, and Statewide Cleaning agreed to construct and sell the Plaintiffs a home that was properly constructed in a reasonable workmanlike manner, free of construction defects, and in compliance with industry standards and local building code requirements.

44.     As identified throughout this Complaint, the Property in fact, was not properly constructed in compliance with industry standards or local building code requirements, nor free of construction defects and built in a reasonable workmanlike manner.

45.     The Developer Defendants Baglivo, Statewide SVC, and Statewide Cleaning breached their contractual duty to the Plaintiffs by making misrepresentations and untrue promises regarding the quality of Plaintiffs' Property and HVAC System, which the Plaintiffs detrimentally and justifiably relied upon when purchasing their Property.

46.     The Developer Defendants Baglivo, Statewide SVC, and Statewide Cleaning are contractually obligated to the Plaintiffs.

47.     The Developer Defendants Baglivo, Statewide SVC, and Statewide Cleaning breached their contractual obligations by failing to properly plan, design, construct, install, and repair the Plaintiffs' Property, and specifically the HVAC system.

48.     The Plaintiffs have sustained damages as a direct result of the Developer Defendants Baglivo, Statewide SVC, and Statewide Cleaning's conduct.

49.     As a direct and proximate result of the Developer Defendants Baglivo, Statewide SVC, and Statewide Cleaning acts and omissions Plaintiffs have incurred, and will continue to incur, substantial damages and costs, which include, but are not limited to, costs of repair and remediation and related costs and damages in excess of $75,000.00, loss of personal property,

diminution in value of the Home, loss of quiet enjoyment, as well as expert fees, consultant fees and legal fees.

**WHEREFORE**, the Plaintiffs hereby demand judgment in their favor and against the Developer Defendants of Steven Baglivo, Statewide Commercial Cleaning LLC and Statewide Cleaning LLC jointly and severally, for all compensatory, consequential and incidental damages, in an amount in excess of $75,000; diminution in value of the Home; and for such relief as the Court may deem proper and necessary.

## COUNT THREE
### BREACH OF CONTRACT (THIRD PARTY BENEFICIARIES)
### PLAINTIFFS V. DEFENDANT FISHER BUILDERS LLC

50.    Upon information and belief, Developer Defendants contracted with Defendant Fisher Builders to act as the general contractor to construct and oversee construction of the Property.

51.    Upon information and belief, Developer Defendants and Defendant Fisher Builders have within their possession a copy of the contract, invoices, and other relevant documents pertaining to the construction of the Property.

52.    The contract, invoices, and other relevant documents pertaining to the construction of the property are not accessible to Plaintiffs as they are agreements between *Defendants*.

53.    Upon information and belief, Defendant Fisher Builders obtained permits, constructed and oversaw the construction of the Property including the design and installation of the HVAC system.

54.    Upon information and belief, Defendant Fisher Builders knew that the work performed on the Property was for the direct and intended benefit of future occupants of the Property.

10

55. Defendant Fisher Builders knew, or should have known, that its work was being used to be marketed, sold and lived in by the homeowners, including the Plaintiffs.

56. Defendant Fisher Builders knew, or should have known, that owners of the Property, including Plaintiffs, would rely upon Fisher Builder's contractual obligations to Developer Defendants to perform its work and oversee the work of subcontractors in compliance with all applicable building codes, industry standards, and installation guidelines.

57. Defendant Fisher Builders knew, and could not have been unaware of, and intended the Plaintiffs to be an intended third-party beneficiary of the contract between Fisher Builders and Developer Defendants.

58. Plaintiffs are the intended third-party beneficiaries of the contract between Defendant Fisher Builders and Developer Defendants.

59. Defendant Fisher Builders owed a duty to Plaintiffs, as purchasers of the Property, to perform its work in a workmanlike manner, and adhere to all applicable building codes, industry standards and maintenance and installation guidelines.

60. As a direct and proximate result of the Defendant Fisher Builders acts and omissions Plaintiffs have incurred, and will continue to incur, substantial damages and costs, which include, but are not limited to, costs of repair and remediation and related costs and damages in excess of $75,000.00, loss of personal property, diminution in value of the Home, loss of quiet enjoyment, as well as expert fees, consultant fees and legal fees.

**WHEREFORE**, the Plaintiffs hereby demand judgment in their favor and against Defendant Fisher Builders LLC for all compensatory, consequential and incidental damages, in an amount in excess of $75,000; diminution in value of the Home; and for such relief as the Court may deem proper and necessary.

11

**COUNT FOUR**
**BREACH OF CONTRACT (THIRD PARTY BENEFICIARIES)**
**PLAINTIFFS V. DEFENDANT CLIMATECH HEAT & AIR LLC**

61.    Upon information and belief, Developer Defendants and/or Defendant Fisher Builders contracted with Defendant Climatech for the installation and service of the HVAC system.

62.    Upon information and belief, Developer Defendants, Defendant Fisher Builders and Defendant Climatech have within their possession a copy of the contract, invoices, and other relevant documents pertaining to the design, installation, and maintenance of the HVAC system.

63.    The contract, invoices, and other relevant documents pertaining to the design, installation, and maintenance of the HVAC system are not accessible to Plaintiffs as they are agreements between *Defendants*.

64.    Upon information and belief, Defendant Climatech was responsible for the design, installation, and maintenance of the HVAC System.

65.    Upon information and belief, Defendant Climatech knew that the work performed on the HVAC system was for the direct and intended benefit of future occupants of the Property.

66.    Defendant Climatech knew, or should have known, that its work was being used to be marketed, sold and lived in by the homeowners, including the Plaintiffs.

67.    Defendant Climatech knew, or should have known, that owners of the Property, including Plaintiffs, would rely upon Climatech's contractual obligations to Developer Defendants and/or Defendant Fisher Builders to design, install and service the HVAC system in a workmanlike manner in compliance with all applicable building codes, industry standards, and installation guidelines.

68.    Defendant Climatech knew, and could not have been unaware of, and intended the Plaintiffs to be an intended third-party beneficiary of the contract between Climatech and Developer Defendants and/or Fisher Builders.

69.    Plaintiffs are the intended third-party beneficiaries of the contract between Climatech and Defendant Fisher Builders and/or Developer Defendants.

70.    Defendant Climatech owed a duty to Plaintiffs, as purchasers of the Property, to perform its work in a workmanlike manner, and adhere to all applicable installation and maintenance manuals, building codes, industry standards and maintenance and installation guidelines.

71.    As a direct and proximate result of the Defendant Climatech's acts and omissions Plaintiffs have incurred, and will continue to incur, substantial damages and costs, which include, but are not limited to, costs of repair and remediation and related costs and damages in excess of $75,000.00, loss of personal property, diminution in value of the Home, loss of quiet enjoyment, as well as expert fees, consultant fees and legal fees.

**WHEREFORE**, the Plaintiffs hereby demand judgment in their favor and against Defendant Climatech Heat & Air LLC for all compensatory, consequential and incidental damages, in an amount in excess of $75,000; diminution in value of the Home; and for such relief as the Court may deem proper and necessary.

**COUNT- FIVE**
**CONSUMER FRAUD ACT VIOLATIONS**
**AGAINST THE DEVELOPER DEFENDANTS AND DEFENDANT FISHER BUILDERS**

72.    Plaintiffs incorporate by reference all prior allegations as if set forth at length herein.

73. The New Jersey Consumer Fraud Act, N.J.S.A. § 58:8-1, *et seq.* ("CFA"), governs the sale of residential developments.

74. The Developer Defendants and Fisher Builders violated the CFA in that they have:

   a. Represented to Plaintiffs that the Home had characteristics, uses, and/or benefits that they do not have;

   b. Represented that the Defendants' goods or services are of a standard or grade when they are of another; and

   c. Made repairs to some of the Homes that were of a quality inferior to or below the standard that was agreed to in writing.

75. Specifically, Developer Defendants represented that it used quality materials and qualified contractors when building homes.

76. Developer Defendants represented to Plaintiff that the construction of the Property complied with all industry standards. *See* Exhibit "A."

77. As mentioned above, investigation revealed that the HVAC system was improper for the size, location and use of the Property.

78. The Defendants' false and untrue statements of material facts, omission of material facts and misleading statements as alleged violate the CFA.

79. By way of example and not limited to, the Developer Defendants warranted that the Property was fit for its intended use and would be free from material and workmanship defects. *See* Exhibit "A."

80. The Developer Defendants failed to disclose to the Plaintiffs that the Property was not constructed in accordance with the applicable building codes and industry standards and suffered from construction defects.

81. The Plaintiffs have suffered ascertainable losses as a result of Developer Defendants and Defendant Fisher Builder's violations of the CFA.

14

**WHEREFORE**, the Plaintiffs hereby demand judgment in their favor and against the Developer Defendants and Fisher Builder's LLC, jointly and severally, for all compensatory, consequential and incidental damages, in an amount in excess of $75,000; treble damages; attorney fees and litigation costs; loss of quiet use and enjoyment of the home; diminution in value damages; and for such relief as the Court may deem proper and necessary.

**COUNT SIX**
**BREACH OF THE IMPLIED WARRANTY OF HABITABILITY**
**PLAINTIFF v. ALL DEFENDANTS**

82.    Plaintiffs incorporate all preceding paragraphs, as if set forth at length herein.

83.    Defendants impliedly warranted that the work performed on the HVAC system, which Defendants undertook, would be constructed in a reasonable workmanlike manner, free of construction defects and suitable for use of habitation.

84.    Plaintiff reasonably and justifiably relied upon this implied warranty, and the representations and/or promises made in connection therewith, and their reliance was reasonable and justified.

85.    Defendants knew that Plaintiff would reasonably and justifiably rely upon this implied warranty.

86.    Defendants' defective design, construction, installation and remediation of the HVAC System and/or failures to properly supervise and inspect the construction, installation and remediation of the HVAC system directly and proximately caused attendant property damage and damage to non-defectively constructed components of the Property.

87.    Defendants breached the implied warranty of habitability by failing to properly perform their respective work in a reasonable workmanlike manner and free of defects.

88.     As a direct and proximate result of Defendants' breaches of the implied warranty of habitability, Plaintiffs have incurred, and will continue to incur, substantial damages in an amount in excess of approximately $75,000.00, which includes, but is not limited to, costs of repair and remediation and related costs and damages, as well as consultant fees and legal fees.

**WHEREFORE**, Plaintiffs hereby demand judgment in their favor and against the Defendants for all compensatory, consequential and incidental damages in an amount in excess of $75,000, as well as pre- and post-judgment interest, and for such relief as the Court may deem proper and necessary.

Respectfully submitted,

**HORN WILLIAMSON & COLLINS LLC**

By:     */s/ Ryan Lockman___*
        Ryan Lockman, Esquire
        *Attorney for Plaintiffs*

Date:  July 14, 2026

16

## **VERIFICATION**

I, Ryan Lockman, of full age, hereby certify:

I am a member in good standing of the Bar of the State of New Jersey and have been engaged to represent the Plaintiffs in this matter before the courts of New Jersey. I have read the Complaint and certify that the allegations contained in the Complaint are true to the best of my knowledge and belief. I certify that the foregoing statements are true. I am aware that if any statement made herein is willfully false, I am subject to punishment.

**HORN WILLIAMSON & COLLINS LLC**

By:    */s/ Ryan Lockman*___
      Ryan Lockman, Esquire
      *Attorney for Plaintiffs*

Date:  July 14, 2026

17

## DESIGNATION OF TRIAL COUNSEL

Plaintiffs designate Ryan Lockman, Esquire as trial counsel.


## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury on all issues triable by right of jury.


## RULE 4:5-1 CERTIFICATION

The undersigned certifies that pursuant to Rule 4:5-1, the matter in controversy is not the subject of another proceeding in any court or of a pending arbitration. The undersigned is not presently aware of any additional parties that should be included in this action.


**HORN WILLIAMSON & COLLINS LLC**

By:     */s/ Ryan Lockman*_____
         Ryan Lockman, Esquire
         *Attorney for Plaintiffs*

Date:  July 14, 2026